UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kimberly Ann Cirrani and Frederick Francis Cirrani, ) ) ) Plaintiffs, ) ) v. ) ) Wal-Mart Stores, Inc., and ) Wal-Mart Stores East, LP, all d/b/a ) Surfside Beach Wal-Mart ) Supercenter (Store No. 0574), ) ) Defendants. ) _____) | Civil Action No.: 4:18-cv-02142-RBH **ORDER** |

This matter is before the Court on Defendants' "Motion to Dismiss and Strike Certain Allegations from Plaintiffs' Complaint or, in the Alternative, Motion for More Definite Statement." *See* ECF No. 10. The Court grants in part and denies in part Defendants' motion for the reasons herein.[1]

**Background**

This diversity action concerns an alleged incident that occurred at a Walmart store in Surfside Beach on August 20, 2015. Plaintiffs Kimberly and Frederick Cirrani claim Mrs. Cirrani was seriously injured after riding a bicycle in Walmart, crashing the bike when a Walmart employee attempted to remove her from it, and falling onto the concrete floor of the store. *See* Complaint [ECF No. 1]. Plaintiffs sue Walmart ("Defendants") and assert four causes of action: (1) negligence/premises liability, (2) negligent hiring, training, and supervision, (3) civil assault, and (4) loss of consortium. *Id.* at pp. 8–14.

Defendants have filed a motion to dismiss Plaintiffs' assault claim pursuant to Fed. R. Civ. P.

---

[1] The Court decides the motion without a hearing pursuant to Local Civil Rule 7.08 (D.S.C.).

12(b)(6), to strike certain allegations from the complaint pursuant to Fed. R. Civ. P. 12(f), or alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). *See* ECF No. 10. Plaintiffs have filed a response in opposition, and Defendants have filed a reply. *See* ECF Nos. 18 & 19.

## Discussion

**I.    Motion to Dismiss Assault Claim**

Defendants move to dismiss the assault claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 10 at pp. 4–6. "To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 395 (4th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (alterations omitted).

South Carolina recognizes the tort of assault, defined as "an attempt or offer, with force or violence, to inflict bodily harm on another or engage in some offensive conduct." *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. Ct. App. 2008). "The elements of assault are: (1) conduct of the defendant which places the plaintiff, (2) in reasonable fear of bodily harm." *Id.*

> The conduct must be of such nature and made under such circumstances as to affect the mind of a person of ordinary reason and firmness, so as to influence his conduct; or it must appear the person against whom the threat is made was peculiarly susceptible to fear, and the person making the threat knew and took advantage of the fact he could not stand as much as an ordinary person.

*Id.* Words alone do not constitute an assault, "unless accompanied by an actual offer of physical

violence." *Id.* at 245.

The complaint alleges that after several Walmart associates told Mrs. Cirrani she could test ride a bike in the store, another Walmart employee "came towards [her] in a loud, aggressive, and rude manner in an attempt to remove her from the bicycle, causing her to lose control of the bicycle and fall onto the concrete floor." Compl. at ¶¶ 24, 28–29. It further alleges that Mrs. Cirrani would not have crashed the bike or been injured "had the [Walmart] employee refrained from screaming at her and approaching her in an aggressive manner"; that Defendants "allow[ed] a store employee to yell at and frighten a customer while riding a bicycle in the store"; that the employee "unreasonably and dangerously attempted to remove her from the bicycle by yelling and screaming at her"; that the employee "was yelling at [Mrs. Cirrani] and moving toward her in an aggressive manner such that she was caused to crash the bicycle"; and that these actions "placed [her] in reasonable fear of bodily harm and caused her to fall to the floor." *Id.* at ¶¶ 31, 53(h), 71–73.

Based on the above allegations, the Court concludes the complaint states a plausible claim for assault. Those allegations—which must be accepted as true at this stage—contain sufficient factual matter to conclude the Walmart employee's conduct placed Plaintiff in fear of bodily harm. *See Mellen*, 659 S.E.2d at 244 (listing the two elements of assault). While the employee's words alone are insufficient to state an assault claim, those words were "accompanied by an actual offer of physical violence," i.e., forcibly/physically removing Mrs. Cirrani from the bike. *Id.* at 245. Defendants' argument that the complaint lacks any allegations regarding intent is immaterial because "intent is not an essential element of assault." *Id.* ("The rule, supported by the weight of authority, is that the defendant's intention does not enter into the case, for, if reasonable fear of bodily harm has been caused

3

by the conduct of the defendant, this is an assault.").[2]

The Court will deny Defendants' Rule 12(b)(6) motion to dismiss the assault claim.

## II.      Motion to Strike Certain Allegations

Defendants move to strike certain allegations in Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(f). *See* ECF No. 10 at pp. 6–14. Rule 12(f) allows a party to move to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). "[T]he striking of a pleading can be a tough remedy," *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 325 (4th Cir. 2018), and "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted); *see Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 247 (4th Cir. 2007) (recognizing Rule 12(f) "motions are to be granted infrequently").

Defendants claim several paragraphs[3] in Plaintiffs' complaint are "immaterial, impertinent, and scandalous," arguing the Court should strike paragraphs that (1) concern their financial information and net worth, (2) purportedly inject the "Reptile Theory"[4] into this case, and (3) seek prejudgment and

---

[2]     Defendants contend in their reply that Plaintiffs "appear to concede" the assault claim is not sufficiently pled because Plaintiffs offer to amend the complaint. *See* ECF No. 19 at p. 2. While Plaintiffs do offer additional potential allegations in their response in opposition, they do so for the sake of argument, maintain "such details are not required in the Complaint to survive Rule 12 dismissal," and "believe the civil assault claim is sufficiently pled." ECF No. 18 at pp. 6–7.

[3]     The specific allegations at issue are Paragraphs 15–18, 37–43, 48–50, 52, 53(d)–(g), 53(j), 60–65, 67, and 80. *See* ECF No. 10-1 at pp. 6, 8, & 13.

[4]     According to Defendants, the Reptile Theory "instructs plaintiffs' lawyers to appeal to the reptilian portion of jurors' brains and to condition them to act based upon fear instead of logic," and it "violates the Golden Rule because it is designed to make the jury feel that the defendants have threatened the safety of jurors and their community by allegedly operating in a manner that places them in danger." ECF No. 10-1 at pp. 8 n.1, 9; *see generally Ins. Co. of N. Am. v. U.S. Gypsum Co.*, 870 F.2d 148, 154 (4th Cir. 1989) (explaining a Golden Rule argument improperly "ask[s] jurors to place themselves in the position of a party").

postjudgment interest. As for Defendants' first argument, the Court concludes the two paragraphs dealing with Defendants' financial information and net worth are immaterial and impertinent to the conduct alleged. *See* Fed. R. Civ. P. 12(f). Plaintiffs have properly pled a request for punitive damages and that is all that is necessary at this stage. Accordingly, the Court will grant this portion of Defendants' motion and strike Paragraphs Fifteen and Sixteen from the Complaint.

However, Defendants' second argument concerning the "Reptile Theory" appears to confuse allegations in a complaint with evidence presented at trial by invoking Rules 401, 402, and 403 of the Federal Rules of Evidence and discussing admissibility, relevance, probative value, and prejudicial effect. These are the type of arguments ordinarily made via a motion in limine or an objection at trial dealing with *actual evidence*. The complaint is, of course, not evidence; and in the event this case went to trial, it would not be submitted to the jury. *See* Local Civ. Rule 83.VI.01 (D.S.C.) ("The pleadings shall not be submitted to the jury for its deliberations."). Finally, Defendants' third argument—that prejudgment interest is not recoverable under South Carolina law and that the issue of postjudgment interest "is not ripe"—takes Plaintiffs' boilerplate prayer for relief out of context. *See generally* Fed. R. Civ. P. 8(a)(3) (requiring a pleading to contain "a demand for the relief sought, which may include relief in the alternative or different types of relief"). Such matters can be addressed by an appropriate motion at the appropriate time.

In sum, the Court will grant in part and deny in part Defendants' motion to strike.[5]

## **Conclusion**

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART**

---

[5] Defendants alternatively move for a more definite statement on Plaintiffs' purported "Reptile Theory" allegations pursuant to Fed. R. Civ. P. 12(e). *See* ECF No. 10-1 at p. 14. The Court need not address this argument in light of the above analysis.

Defendants' motion [ECF No. 10] and **STRIKES** Paragraphs Fifteen and Sixteen from the complaint.

    **IT IS SO ORDERED.**

Florence, South Carolina                                                                                            <u>s/ R. Bryan Harwell</u>
February 22, 2019                                                                                                      R. Bryan Harwell
                                                                                                                           United States District Judge