UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Kimberly Ann Cirrani and Frederick Francis Cirrani,

        Plaintiffs,

v.

Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP, all d/b/a Surfside Beach Wal-Mart Supercenter (Store No. 0574),

        Defendants.

Case No.: 4:18-cv-2142-SAL

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to be Relieved from Mediation Requirement, ECF No. 28, and Motion for Summary Judgment, ECF No. 31. For good cause shown, the Court grants the former and, for the reasons stated herein, grants in part and denies in part the latter.

### BACKGROUND

This diversity action arises from an incident that occurred on August 20, 2015, in a Walmart store located in Surfside Beach, South Carolina. At approximately 11:00 p.m., Plaintiff Kimberly Ann Cirrani ("Mrs. Cirrani") and her husband were shopping for a new bicycle. Plaintiffs allege that an unidentified Walmart employee encouraged Mrs. Cirrani to test ride a particular bicycle inside the store. Sometime after Mrs. Cirrani began to ride the bicycle, she alleges that Walmart employee Brenda Hedrick assaulted her. Specifically, Plaintiffs claim that while Mrs. Cirrani was riding the bicycle, Brenda Hedrick yelled at her to stop and moved toward her in an aggressive manner. Mrs. Cirrani states that she was startled after seeing Brenda Hedrick in her peripheral vision and hearing her yell, causing her to fall and sustain serious

1

injuries. Plaintiffs filed this action on August 2, 2018, alleging negligence; negligent hiring, training, and supervision; assault; and loss of consortium.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

I. **Material Questions of Fact Exist with Respect to Plaintiffs' Claim for Negligence, and Summary Judgment is Therefore Improper.**

Defendants assert that Plaintiff has failed to show breach of a duty, or causation between a breach of duty and Mrs. Cirrani's damages. In addition, Defendants assert that they are entitled to summary judgment on their affirmative defense of comparative negligence. The evidence, viewed in a light most favorable to Plaintiffs, however, raises genuine factual issues regarding each of these arguments.

A plaintiff alleging negligence must show (1) a duty owed; (2) the defendant's breach of that duty; (3) actual and proximate causation; and (4) damages. *E.g.*, *Chakrabarti v. City of Orangeburg*, 743 S.E.2d 109, 112 (S.C. Ct. App. 2013). With respect to the first element of negligence, a merchant owes a customer a duty of ordinary care to keep his premises in a reasonably safe condition. *Wimberley v. Winn–Dixie Greenville, Inc.*, 165 S.E.2d 627, 628 (S.C. 1969). In alleging that a store owner breached its duty by failing to remedy an unreasonably dangerous condition, a plaintiff may succeed by showing "(1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Lucas v. Sysco Columbia LLC*, No. 3:13-cv-02883-JFA U.S. Dist. LEXIS 140804, at *6-7 (D.S.C. Oct. 3, 2014).

### A. Duty and Breach

The parties do not dispute that Defendants owed Plaintiffs a duty of reasonable care. Further, Mrs. Cirrani has carried her burden of establishing a factual issue for trial on whether Defendants breached the duty owed to her. She testified that a Walmart employee advised her that she was permitted to ride a bicycle within the store, and a reasonable jury could find that this created an unreasonably dangerous condition for Mrs. Cirrani. Moreover, the facts and circumstances of Mrs. Cirrani's encounter with Brenda Hedrick are not sufficiently clear on the record for the Court to conclude that Brenda Hedrick's actions did not cause an unreasonably dangerous condition as a matter of law. Mrs. Hedrick testified that she was pushing a pallet jack out into the aisle in which Mrs. Cirrani was traveling. Mrs. Hedrick also testified that she had seen customers riding bicycles in the store on prior occasions; a jury could therefore conclude that Brenda Hedrick's conduct was unreasonably dangerous. Mrs. Cirrani testified that from her perspective Brenda Hedrick could not see her to know that she was about to obstruct Mrs. Cirrani's path of travel. A reasonable jury could draw inferences in favor of either party on this evidence, and Mrs. Cirrani therefore prevails as the non-movant at the summary judgment stage.

### B. Causation and Damages

Defendants' arguments regarding causation and damages are also insufficient to support summary judgment in their favor on Plaintiffs' negligence claim. The record contains enough evidence to enable a fact finder to conclude that Mrs. Cirrani fell in the Walmart and that she sustained damages as a result of that fall. *See* ECF No. 37-2 at 15:13-15. Plaintiff has also adequately forecasted additional expert testimony on this issue. ECF No. 37 at 6-7.

C. Comparative Negligence

In South Carolina, a plaintiff may not recover if she is found to be more negligent than the defendant. *Nelson v. Concrete Supply Co.*, 399 S.E.2d 783, 784 (S.C. 1991). Summary judgment on Defendants' comparative negligence defense, however, is inappropriate at this stage. "Ordinarily, comparison of the plaintiff's negligence with that of the defendant is a question of fact for the jury to decide." *Bloom v. Ravoira*, 529 S.E.2d 710, 713 (S.C. 2000). Because a reasonable jury could find that Mrs. Cirrani was as negligent or less negligent than Defendants, summary judgment on this issue.

## II. Plaintiffs' Claim for Negligent Hiring, Training, and Supervision Fail.

Plaintiffs assert that Defendants breached their duties in hiring, training, and supervising employees. Because the record contains no evidence establishing Defendants' knowledge of any risk attendant to hiring any specific employee, however, Defendants are entitled to summary judgment on the negligent hiring claim. In addition, the Court finds insufficient evidence on which a jury could find that any employee of Defendants intentionally caused harm. Plaintinffs' claims for negligent training and supervision therefore also fail.

A. Negligent Hiring

A negligent hiring claim requires a plaintiff to show that the defendant knew or should have known that "its employment of a *specific person* created an undue risk of harm to the public." *Kase v. Ebert*, 707 S.E.2d 456, 459 (S.C. Ct. App. 2011) (quoting *James v. Kelly Trucking Co.,* 661 S.E.2d 329, 330 (2008)) (emphasis added). The record contains no evidence that Defendants' hiring practices fell below the standard of care in this case or that Defendants were chargeable with knowledge of an undue risk attendant to hiring a specific Walmart employee. Plaintiffs therefore fail to establish a genuine issue for trial on this claim.

5

### B. Negligent Training

Plaintiffs present no evidence regarding how the employees were trained, or how such training fell below the standard of care owed to Plaintiffs. The theory appears to be that if Defendants have policies in place forbidding (1) the riding of bicycles inside the store; (2) yelling at customers; and (3) pushing, as opposed to pulling, pallet jacks, the employees were necessarily trained in negligent fashion because of the facts and circumstances of the accident. *See* ECF No. 37 at 10. A thorough review of the record reveals wholly insufficient evidence concerning what Defendants' policies are. Corie McGrath-Pratt, the senior manager at the store on the night of the accident and a thirty-year employee of the company, testified that she "would hesitate to call it a policy. When something is common sense[,] it doesn't really need to be written down or be a policy." ECF No. 37-2 at 11:18-20. Finally, to the extent Plaintiff relies on the standard for negligent supervision relayed in *Doe v. Bishop of Charleston*, 754 S.E.2d 494, 500 (S.C. 2014) to support this claim, *see* ECF No. 37 at 9, the Court finds that no reasonable jury could find any intent on the part of an employee to cause harm. Defendants are accordingly entitled to summary judgment on Plaintiffs' claim for negligent training.

### C. Negligent Supervision

Negligent supervision only applies to hold an employer liable when the employee, among other things, "intentionally harms another." *E.g.*, *Doe*, 754 S.E.2d at 500. No reasonable jury could find that the Walmart employees at issue in this case intentionally caused harm to Mrs. Cirrani. The only reasonable inferences appear to be that (1) Mrs. Cirrani was afraid that Brenda Hedrick might accidentally collide with her, and (2) Hedrick's alleged yelling about not riding

bicycles in the store further startled Mrs. Cirrani to such a degree that she fell. Defendants are therefore entitled to summary judgment on the claim of negligent supervision.[1]

**III.** **Assault**

Plaintiffs allege that Brenda Hedrick's conduct immediately prior to Mrs. Cirrani falling off the bicycle constituted an assault on Mrs. Cirrani. Because there are genuine factual issues with respect to this claim, summary judgment is improper.

The elements of assault are "(1) conduct of the defendant which places the plaintiff, (2) in reasonable fear of bodily harm." *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. Ct. App. 2008) (citations omitted). "The conduct must be of such nature and made under such circumstances as to affect the mind of a person of ordinary reason and firmness, so as to influence his conduct." *Id.* In addition, intent to inflict injury may be relevant to an assault claim, but it is not necessary. *Herring v. Lawrence Warehouse Co.*, 72 S.E.2d 453, 458 (S.C. 1952). Finally, words, standing alone, are insufficient to maintain an action for assault. *E.g.*, *Nauful v. Milligan*, 187 S.E.2d 511, 514 (1972).

At the time of the accident, Brenda Hedrick was handling a pallet jack located in an aisle that intersected perpendicularly with the aisle in which Mrs. Cirrani was riding the bicycle. *See* ECF No. 37-3 at 21:9-12. She was initially pushing the pallet jack out into the aisle where Mrs. Cirrani was traveling. Brenda Hedrick testified that she saw Mrs. Cirrani approaching from approximately two aisles away, at which time she pulled the pallet jack out of the way. *Id.* at

---

[1] The finding that no reasonable juror could conclude that any of Defendants' employees intended to cause harm for purposes of granting summary judgment on this cause of action may appear, but is not, inconsistent with the conclusion that Plaintiffs' assault claim should proceed. Negligent supervision demands evidence proving at least that the employee intentionally harmed another. *Doe*, 754 S.E.2d at 500; *see also Thomas v. City of Mauldin*, No. 6:16-cv-03736, 2017 WL 4776972, at *6 (D.S.C. Sept. 26, 2017), *report and recommendation adopted*, No. 6:16-cv-3736, 2017 WL 4764814 (D.S.C. Oct. 20, 2017). That evidence is lacking in this case. Assault, however, does not require any proof at all concerning a defendant's intent to inflict injury. *Herring v. Lawrence Warehouse Co.*, 72 S.E.2d 453, 458 (S.C. 1952) (holding that, while intent is relevant, a charge to the jury that it was necessary constituted prejudicial error).

23:9-10; 24:3-8. Brenda Hedrick states that the pallet jack was stationary after she moved it out of the way, and with reference to Mrs. Cirrani's travel path, she was on the opposite side of the pallet jack. *Id.* at 28:23-24; 29:2-5. As Mrs. Cirrani approached, Brenda Hedrick testified that she told her she "shouldn't ride the bike in the store" in a normal speaking voice. *Id.* at 27:2-3; 27:23-28:1. Mrs. Cirrani contradicts this version of events. She testified that as she approached, she was in fear of falling because Brenda Hedrick had been moving the pallet jack out into the aisle in which she was traveling. Mrs. Cirrani states that Hedrick could not see her. *See* ECF No. 37-4 at ¶ 18. Mrs. Cirrani testified that she lost control of her bicycle after Brenda Hedrick "yelled" and "screamed" at her. According to Mrs. Cirrani, when Hedrick screamed, the front tire of the bicycle collided with an end cap, causing her to fall. *See id.* at 149:3-15.

The summary judgment stage is not the time to determine which version of events is true. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court is obligated to construe all evidence in a light most favorable to the plaintiff and to construe all reasonable inferences in her favor. So viewing the evidence, a reasonable jury would be able to find both elements of assault satisfied under *Mellen*, that (1) Brenda Hedrick's conduct placed Mrs. Cirrani (2) in reasonable fear of bodily harm. As noted above, the Court finds no evidence that Hedrick intended to inflict injury upon Mrs. Cirrani; even so, such a finding is not necessary to prevail on a claim of assault in South Carolina. *See Herring*, 72 S.E.2d at 458. Summary judgment is therefore denied on the claim for assault.

## IV.     Loss of Consortium

Because Plaintiffs' claims for negligence and assault survive summary judgment, and the record permits a reasonable inference that Frederick Francis Cirrani's marital relationship with his spouse has been impaired, *see* ECF No. 37-4 at ¶ 25, the Court declines to enter summary judgment on the loss of consortium claim. *See Lee v. Bunch*, 647 S.E.2d 197, 202 (2007).

## CONCLUSION

After a thorough review of the record, the arguments, and the evidence submitted by the parties, Defendants' Motion for Summary Judgment, ECF No. 31, is GRANTED in part and DENIED in part. Summary judgment is granted for Defendants on Plaintiffs' claim for negligent hiring, training, and supervision, and denied with respect to negligence, assault, and loss of consortium. In addition, for good cause shown, the Court further GRANTS Defendants' Motion to be Relieved from Mediation Requirement. ECF No. 28. Plaintiffs are reminded that their responses to Defendants' Motion to Bifurcate, ECF No. 38, and Motion in Limine, ECF No. 39, are due no later than ten (10) days after entry of this Order.

IT IS SO ORDERED.

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

April 9, 2020
Florence, South Carolina